**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

THE STATE OF WASHINGTON,

Appellant,

v.

SHYMILA NICOLE LUVERT,

Respondent.

No. 81767-1-I

DIVISION ONE

PUBLISHED OPINION

APPELWICK, J. — After the court ordered an inpatient competency evaluation, Luvert waited approximately 100 days in jail for transfer to a psychiatric hospital. The trial court held DSHS in contempt for failing to comply with its order. The court ordered sanctions of $250 per day from 14 days after the initial order until Luvert's transfer to an appropriate facility. DSHS appeals the sanctions for the time period prior to the finding of contempt on the basis that they are erroneously imposed punitive sanctions. The contempt sanctions were compensatory, rather than punitive. It was not error for the sanction to apply retroactively. We affirm.

FACTS

The State charged Shymila Luvert with assault in the second degree. On April 6, 2020, the trial court ordered a pretrial competency evaluation to take place at the King County Jail. The Department of Social and Health Services (DSHS) attempted to perform the mental health evaluation but Luvert refused to participate.

On April 22, 2020 the court entered an amended order requiring inpatient evaluation at Western State Hospital or Eastern State Hospital. The court ordered a competency hearing to be held on May 20, 2020.

Luvert was not admitted for evaluation by the hearing date due to Western State Hospital's temporary closure to forensic patients. The State requested a continuance while Luvert was on the waitlist for inpatient evaluation at Eastern State Hospital. The court granted a continuance until June 24, 2020.

On June 23, 2020, Luvert remained in King County Jail awaiting transfer for her inpatient competency evaluation. She moved to dismiss her case without prejudice based on the two month delay in completing the evaluation. In the alternative, Luvert requested a writ of habeas corpus releasing her from unlawful restraint. The State asked for another continuance which the court granted until July 8, 2020.

On July 8, the State again moved for a continuance, stating that admission to Western State Hospital was expected within two weeks. The court continued the hearing to July 29, 2020. When Luvert was not admitted for inpatient evaluation, she filed an amended motion to dismiss. At that point, Luvert had been incarcerated in King County Jail for 120 days with "no indication as to when she w[ould] be evaluated for competence or return to the community." The court issued an order directing DSHS to admit Luvert or appear and show cause as to its failure to comply.

The court held a hearing on July 31, 2020. Luvert requested compensatory contempt sanctions in the "pro rata amount that the federal courts have ordered" as part of her relief. The court found the delay in admission for a competency evaluation violated Luvert's substantive rights and directed DSHS to admit Luvert for evaluation by August 3, 2020. The court ordered the State to temporarily release Luvert if DSHS could not find an available inpatient bed by the August 3 admission deadline. After finding DSHS in contempt for failing to comply with its April 22, 2020 order, the court ordered sanctions payable to Luvert. "The court directs the imposition of sanctions against DSHS in the amount of $250.00/day from May 6, 2020, forward until the defendant is admitted to the hospital for her inpatient competency evaluation." (Footnote omitted.) The court assigned the sanctions to start from May 6 because it "ordered an inpatient competency evaluation on April 22, 2020 and these sanctions begin on the day following the expiration of fourteen days from the date of that order." DSHS did not object to either the imposition or amount of the contempt sanction.

DSHS appeals the imposition of the contempt sanctions for the period preceding the contempt order.

## DISCUSSION

A judge may impose sanctions for contempt of court. RCW 7.21.020. Contempt sanctions may be remedial or punitive. RCW 7.21.010(2), (3); In re Interest of M.B., 101 Wn. App. 425, 438, 3 P.3d 780 (2000). "A 'remedial sanction' is one that is 'imposed for the purpose of coercing performance when the contempt consists of the omission or refusal to perform an act that is yet in the person's

3

power to perform.'" In re Dependency of A.K., 162 Wn.2d 632, 645, 174 P.3d 11 (2007) (quoting RCW 7.21.010(3)). Remedial sanctions may also be compensatory "to pay a party for any losses suffered by the party as a result of the contempt." RCW 7.21.030(3). These sanctions are civil in nature. A.K., 162 Wn.2d at 645.

In contrast, a punitive sanction is "'imposed to punish a past contempt of court for the purpose of upholding the authority of the court,' and it is considered criminal in nature." Id. 162 Wn.2d at 645-46 (quoting RCW 7.21.010(2)). Punitive sanctions must be imposed under RCW 7.21.040 and require a separate action commenced by the prosecutor. RCW 7.21.040(2)(a). A court's authority to impose sanctions for contempt is a question of law reviewed de novo. A.K., 162 Wn.2d at 644.

"In determining whether sanctions are punitive or remedial, courts look not to the 'stated purposes of a contempt sanction,' but to whether it has a coercive effect—whether 'the contemnor is able to purge the contempt and obtain his release by committing an affirmative act.'" Id. at 646 (quoting Int'l Union, United Mine Workers of Am. v. Bagwell, 512 U.S. 821, 828, 114 S. Ct. 2552, 129 L. Ed. 2d 642 (1994)). A contempt sanction is punitive if it does not allow the opportunity to purge the contempt by performing the acts of the original order. M.B., 101 Wn. App. at 447.

According to DSHS, the retroactive sanctions were punitive because it had no means of compliance with the court's order or ability to purge the sanctions imposed for the time period before the contempt finding. Further, DSHS argues

the trial court failed to follow the requirements of RCW 7.21.040 in order to impose the punitive sanctions. DSHS is correct. If the trial court had imposed punitive sanctions, this court would be compelled to vacate them in their entirety, not merely the retroactive portion.

But, DSHS ignores that Luvert specifically requested compensatory contempt sanctions under RCW 7.21.030(3), and the trial court ordered the fines payable to Luvert. The Washington Supreme Court recently established that compensatory sanctions under RCW 7.21.030(3) are not punitive in nature. Gronquist v. Dep't of Corr., 196 Wn.2d 564, 573, 475 P.3d 497 (2020). Instead, "compensatory orders fulfill another recognized civil contempt function: compensation to the injured party." Id. at 573-74. RCW 7.21.030(3) allows for a contemnor "to pay for any losses and costs, conditioned only on a finding of contempt, not continuing contempt." Gronquist, 196 Wn.2d at 574. Therefore, "[a] court may order compensatory relief under subsection (3) for specific losses suffered as a result of the contempt." Id. at 575. The "past-punitive/continuing-coercive distinction" ensures due process before imposing criminal sanctions and does not apply to compensatory awards. Id. DSHS's reliance on its inability to purge contempt as dispositive of the nature of the sanctions is incorrect. The trial court had the authority to award compensatory contempt sanctions to Luvert for her losses, including the retroactive portion of the order.

The court exercised its authority and sanctioned DSHS in the amount of $250 per day payable to Luvert. At the time, DSHS did not object to the amount of the compensatory sanctions imposed. Further, DSHS does not assign error to

the sanction amount on appeal.  Therefore, any challenge to the amount is waived under RAP 2.5(a) and RAP 10.3(4).

We affirm.

_Appelwick, J._

WE CONCUR:

_Coburn, J._          _Dwyer, J._